**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                               Case Nos.       05-3235-JWL
                                                                                                    03-20081-02-JWL

**JOSHALYN PAIR,**

    **Defendant/Movant.**

_____

**MEMORANDUM AND ORDER**

Defendant Joshalyn Pair pleaded guilty to one count of using a communication facility to aid and abet the distribution of a controlled substance. She was sentenced to twenty-four months imprisonment. This matter comes before the court on the government's motion for enforcement of the plea agreement (doc. 135). By way of this motion, the government asks the court to summarily deny Ms. Pair's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence because, the government argues, the court should enforce the aspect of her plea agreement in which she waived the right to collaterally attack her sentence. For the reasons explained below, the court will grant the government's motion and summarily deny Ms. Pair's § 2255 motion.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is

generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001).  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his (or her) rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).[1]

### 1. *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).  The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea."  *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.  *Hahn*, 359 F.3d at 1343.

---

[1] Although *Hahn* involved the enforceability of a waiver in a plea agreement in the context of a direct appeal, the court sees no reason why the same legal standard would not apply in the context of a § 2255 motion.  *Cf. Cockerham*, 237 F.3d at 1182 ("By analogy, the right to bring a collateral attack under § 2255 is a statutory right and, like the right to direct appeal, appears to be waivable unless it falls within these same exceptions.").  Indeed, an unpublished decision from the Tenth Circuit suggests that this is the correct analysis of the enforceability of a waiver of § 2255 collateral attack rights.  *See United States v. Lamson*, 132 Fed. Appx. 213 (10th Cir. 2005) (unpublished table opinion) (applying *Hahn*'s three-part analysis to a motion for a certificate of appealability of the district court's denial of a § 2255 motion).

The provision in the plea agreement by which Ms. Pair waived her right to collaterally attack any matter in connection with her prosecution and sentence states as follows:

> **9.     Waiver of Appeal and Collateral Attack.**  *Defendant knowingly and voluntarily waives any right to* appeal or *collaterally attack any matter in connection with this prosecution, conviction, and sentence.*  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  *The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255* [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Emphasis added.)  The scope of this waiver unambiguously includes the right to collaterally attack by way of a § 2255 motion any matter in connection with her prosecution, conviction, and sentence.  This includes all of the arguments that Ms. Pair now raises in her § 2255 motion.

### 2.     *Knowing and Voluntary*

Second, the court must "ascertain whether the defendant knowingly and voluntarily waived [her] . . . rights."  *Hahn*, 359 F.3d at 1325.  In making this determination, the court evaluates the language of the plea agreement and the court's Rule 11 colloquy with the defendant.  *Id.*

Here, the last paragraph of the plea agreement that is immediately prior to the prosecutors' and Ms. Pair's and her attorney's signatures states that Ms. Pair has had sufficient time to discuss the matter with her attorney and is satisfied with her attorney's representation, that she has read and understands the plea agreement, that she agrees it is true and accurate and not the result of any duress, and that she "acknowledges that [she] is entering into this agreement and is pleading guilty because [she] is guilty and is doing so freely and voluntarily." Thus, the language of the plea agreement indicates that she waived her rights knowingly and voluntarily.

The transcript of the court's Rule 11 colloquy with Ms. Pair also reflects that she gave her plea of guilty freely and voluntarily. During that colloquy, Ms. Pair stated under oath that she understood that she was foregoing her constitutional trial rights; that she could be sentenced for up to four years imprisonment and fined up to $30,000; that she could be giving up certain valuable civil rights because the charged offense was a felony; and that she was waiving the right to appeal or collaterally attack her sentence after the court had specifically explained to her what that meant. She stated that her attorney had consulted with her about the sentencing guidelines and the procedure that would be followed for determining the sentencing guideline recommendation, but that she understood that her attorney was not in a position to make any promises or guarantees about what her sentence was going to be. She stated that she understood the terms of her plea agreement and had discussed with her attorney her decision to enter a plea of guilty. She stated that she was entering her plea of guilty freely and

voluntarily because, in fact, she was guilty of the charge against her. At all times Ms. Pair answered the court's questions intelligently and did not appear to have been confused at all.

In sum, then, the language of the plea agreement and the Rule 11 colloquy establish – and the court has absolutely no difficulty concluding – that Ms. Pair's waiver of her rights was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the court must "determine whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. *Anderson*, 374 F.3d at 959. In this case, enforcement of the waiver clearly does not run afoul of the first, third, or fourth factors listed above. Ms. Pair's only plausible argument in this respect is that she received ineffective assistance of counsel in conjunction with the negotiation of the plea or waiver.

A plea agreement waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *Cockerham*, 237 F.3d at 1187. Here, however, plaintiff's ineffective assistance of counsel claim relates to counsel's allegedly deficient performance at sentencing.

5

In her § 2255 motion and her response to the government's current motion, she complains that she was prejudiced during the "penalty phase" by counsel's failure to present evidence of complete and accurate information concerning her minimal involvement in the offense. She also complains that counsel was ineffective because the plea agreement entrapped her into a "harsher sanction at sentencing" than her involvement in the criminal conduct in which she participated. Although she complains that she was frightened because she was facing a long prison sentence and duress clouded her decision-making, that consideration does not implicate the effectiveness of her attorney's representation.[2] Ms. Pair also complains that she had difficulty communicating with her attorney. The only explanation that she offers in this respect is that the communication difficulties arose from the fact that she was located in Denver, Colorado, and counsel was located in Kansas City, Kansas. This is not a case where a language barrier existed; both Ms. Pair and her attorney speak English as their primary language. Ms. Pair certainly does not suggest that she was entirely unable to communicate with her attorney. The court was satisfied in accepting Ms. Pair's guilty plea that she entered her plea knowingly and voluntarily after consultation with her attorney, and plaintiff's argument that she had difficulty communicating with her attorney simply because she was located in Denver and he in Kansas City is insufficient to undermine this finding. Additionally, as explained previously, even to the extent that she may have had some difficulty communicating with her attorney, she is claiming that she was prejudiced by his ineffectiveness at sentencing.

---

[2] Given the court's finding that Ms. Pair entered her guilty plea knowingly and voluntarily, the court is unpersuaded by this argument in any event.

Consequently, because Ms. Pair's ineffective assistance of counsel claim challenges counsel's allegedly deficient performance at sentencing rather than in conjunction with the validity of the plea itself, Ms. Pair waived those arguments by virtue of the waiver in the plea agreement.[3] Accordingly, the court finds that no miscarriage of justice will result by enforcing the plea agreement precisely as it is written.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's motion for enforcement of the plea agreement (doc. 135) is granted.

**IT IS FURTHER ORDERED BY THE COURT** that Ms. Pair's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (doc. 129) is summarily denied.

**IT IS SO ORDERED** this 12th day of August, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3] The court additionally wishes to comment that it is unimpressed with Ms. Pair's suggestion that she suffered prejudice at sentencing due to her counsel's conduct. The court informed Ms. Pair during the Rule 11 colloquy that she was facing a maximum sentence under the statute of four years imprisonment. The sentencing guidelines range was ultimately determined to be thirty-seven to forty-six months. Yet her attorney successfully persuaded the court to reduce her sentence so that she was ultimately sentenced to only twenty-four months imprisonment, which was a commendable result from Ms. Pair's perspective.